UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., </br></br>  Plaintiff, </br></br> v. </br></br> VAN T. NGUYEN, </br></br>  Defendant. | Case No.: 5:11-CV-01169 EJD </br></br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** </br></br> [Docket Item No. 16] |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") moves for entry of default judgment in the amount of $111,800.00 against Defendant Van T. Nguyen a/k/a Van H. Nguyen, individually and d/b/a Got Hong ("Defendant"). Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The Court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on September 23, 2011. For the reasons discussed below, the motion will be GRANTED.

**I. BACKGROUND**

**A. Procedural history**

Plaintiff filed the instant action on March 10, 2011. After Defendant was served with process and failed to respond, Plaintiff moved for entry of default and served the motion by mail. See ECF No. 13. The clerk entered default on July 25, 2011. Plaintiff moved for default judgment on August 16, 2011, and has provided proof of service indicating that a copy of the notice and

application for default judgment were mailed to Defendant. See ECF No. 16. Defendant did not appear at the hearing.

**B. Factual history**

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a March 13, 2010 championship fight between Manny Pacquiao and Joshua Clottey, together with undercard bouts, televised replay, and color commentary (collectively, the "Program"). It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Gary Gravelyn ("Gravelyn"), an investigator hired by Plaintiff, observed an exhibition of the Program in Got Hong. Defendant was not a sublicensee entitled to exhibit the Program. Gravelyn entered the premises without paying a cover charge and observed the Program on seven televisions. Decl. of Affiant at 2. Between 9:11 p.m. and 9:35 p.m., he performed three headcounts, noting the presence of fifty-seven, fifty-eight, and fifty-eight people by each respective count. Id. at 2-3. The declaration indicates the capacity of Got Hong as seventy-five and that Gravelyn did not observe either a satellite dish or a cable box. Id. at 2.

## II. DISCUSSION

Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,800 in damages for conversion. Plaintiff also alleges that Defendant has violated 47 U.S.C § 553(a), which provides for statutory damages pursuant to subsection (c)(3)(A)(ii) and enhanced damages pursuant to subsection (c)(3)(B).

**A. Whether to apply 47 U.S.C. § 605 or 47 U.S.C § 553**

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has

2

'(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.'" California Satellite Systems v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing National Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981)). Plaintiff alleges in its complaint that it transmitted the Program, that Defendant unlawfully intercepted the Program, and that Defendant exhibited the Program. Compl. ¶¶ 9-13.

However, § 605 applies only to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. J & J Sports Productions, Inc. v. Man Thi Doan, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov.13, 2008) (citing United States v. Norris, 88 F.3d 462 (7th Cir. 1996)). The pleadings do not allege that Defendant intercepted a satellite broadcast, and Gravelyn does not state that he observed a satellite dish at Got Hong. Decl. of Affiant. Plaintiff contends that it has been unable to ascertain whether Defendant utilized a satellite dish only because Defendant has refused to answer and appear in the instant case. Nonetheless, the Court may not enter default judgment if the factual allegations in the pleadings are insufficient to establish liability.

However, the complaint also asserts a claim under 47 U.S.C. § 553, which "prohibits a person from 'intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system.'" Man Thi Doan, 2008 WL 4911223 at *2 (quoting 47 U.S.C. § 553(a)(1)) (alterations in the original). While Gravelyn does not state that he observed a cable box, it is undisputed that Defendant intercepted the broadcast by some means, and a cable box is hidden more easily than a satellite dish. Accord J & J Sports Productions, Inc. v. Guzman et al., 3:08-cv-05469-MHP, 2009 WL 1034218, at *2 (N.D. Cal. April 16, 2009). Accordingly, Plaintiff's allegations are sufficient for present purposes to establish Defendant's liability under § 553(a)(1).

**1. Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)**

An aggrieved party may recover either actual damages pursuant to § 553(c)(3)(A)(i) or statutory damages pursuant to § 553(c)(3)(A)(ii). A court may award statutory damages of "not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). Plaintiff

3
Case No.: 5:11-CV-01169 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

requests the statutory maximum. Plaintiff contends that the maximum award against Defendant is necessary to deter future violations.

Plaintiff has presented evidence of the capacity of the establishment as seventy-five, which served fifty-seven, fifty-eight, and fifty-eight persons during Gravelyn's headcounts, and the Program was shown on seven televisions. These factors suggest that maximum damages are unwarranted. The Court finds that an award of $5,000 is sufficient under the circumstances.

**2. Enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B)**

47 U.S.C. § 553(c)(3)(B) provides that in the case of a willful violation for purposes of commercial advantage or private gain, "the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000." Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain. Compl. ¶ 13. Facts alleged in the pleadings are binding upon the defaulting party. Geddes, 559 F.2d at 560.

"Courts in this district have considered several cases involving pirating of closed-circuit sports broadcasts and, absent a showing of egregious wrongdoing, generally have awarded damages slightly over the statutory minimum." J & J Sports Productions, Inc. v. Basto, et al., No. C 10-1803, 2011 WL 566843, at 2 (N.D.Cal. Feb. 14, 2011) (citing Universal Sports Network v. Jimenez, 2002 WL 31109707, at *1 (N.D.Cal. Sept.18, 2002)).

Plaintiff has brought to the attention of the court a 2010 case, 5:10-5856 EJD, which alleged Defendant unlawfully broadcast another program on January 2, 2010. Defendant was served with the complaint in that case after the events at issue in this action. The presence of the 2010 case therefore is not particularly probative of Defendant's wilfulness during the events at issue here. The 2010 case, however, ended in a default judgment against Defendant, indicating that the event in this case was not the first time Defendant unlawfully broadcast a program at Got Hong.

In light of Defendant's status as a repeat violator and the facts of this violation — that there were fifty-seven, fifty-eight, and fifty-eight people during Gravelyn's headcounts, the capacity of the establishment of seventy-five was almost filled, and the Program was shown on seven televisions — the Court concludes that an enhanced damages award of $5,000 is appropriate.

4
Case No.: 5:11-CV-01169 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**B. Damages for conversion**

As a result of Defendant's default, the facts alleged in the pleadings are sufficient to establish that Defendant wrongfully denied Plaintiff ownership of the right to control the exhibition the Program and therefore are sufficient to establish that Defendant is liable for the tort of conversion. See Culp v. Signal Van & Storage, 142 Cal. App. 2d Supp. 859, 862 (App. Div. 1956). Pursuant to Cal. Civ. Code § 3336, Defendant is liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $1,800.

### III. CONCLUSION

Plaintiff's motion is granted. Plaintiff shall recover $5,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), $5,000 in enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B), and $1,800 pursuant to Cal. Civ. Code § 3336.

IT IS SO ORDERED.

Dated: F gego dgt"36."4233



EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-CV-01169 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT